UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**JORGE ROMAO,**

      Plaintiff,

vs.                                                  **CASE NO.:**

**BODY TEK FITNESS, INC.**
A Florida corporation,

      Defendant.
_____/

## COMPLAINT FOR SEXUAL HARASSMENT

The Plaintiff, **JORGE ROMAO**, by and through the undersigned counsel, pursuant to Title VII of the Civil Rights Act of 1964, sues the Defendant, **BODY TEK FITNESS, INC,** and as grounds states:

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. ss1331, 1337, and 1343. This action is authorized and instituted pursuant to s703(a)(1) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. s2000e et. seq. ("Title VII.")

2. The unlawful employment practices alleged below were committed within the jurisdiction of the United States for the Southern District of Florida, in Miami-Dade County, Florida.

3. Plaintiff, **JORGE ROMAO,** resides in Miami-Dade County, Florida. The Plaintiff is male.

4. The Plaintiff was employed by **BODY TEK FITNESS, INC,** as a fitness instructor from September 2017 to July 10, 2018.

5. The Plaintiff, **JORGE ROMAO** was terminated by his employment on July 10, 2018.

6. Defendant, **BODY TEK FITNESS, INC**, is a Florida corporation, licensed and incorporated in Miami, doing business in Miami-Dade County, Florida. Plaintiff was

1

employed by defendant at its offices located in the Wynwood neighborhood (Miami FL). Defendant employs fifteen (15) or more employees.

7. Plaintiff, **JORGE ROMAO**, filed a Charge of Discrimination, alleging discrimination, sexual harassment, and retaliation with the Equal Employment Opportunity Commission (EEOC). The charge was assigned number 510-2018-05624.

8. The EEOC issued to the Plaintiff, **JORGE ROMAO**, a "Notice of Right to Sue Within Ninety (90) Days" authorization on EEOC Charge No. 510-2018-05624. Plaintiff received a "Notice of Right to Sue" letter on or around December 3, 2020.

9. The Plaintiff has complied with all conditions precedent to bringing this claim.

## COUNT I
## SEXUAL HARASSMENT OF PLAINTIFF JORGE ROMAO

Plaintiff incorporates as if fully restated allegations one thru nine and further states:

10. Plaintiff was subjected to unwelcome, offensive and sexually harassing discriminatory conduct during his employment with Defendant, **BODY TEK FITNESS, INC.** Said conduct was perpetrated upon by his supervisor Manager of the company, Tyrone Flowers. This conduct was based upon and directed at Plaintiff by reason of his gender.

11. Plaintiff perceived conduct perpetrated against him and complained about the conduct to the owner, Mike Verdugo, to whom he specified the sexually harassing and discriminatory nature of the conduct. But, the Defendant, **BODY TEK FITNESS, INC.** failed to take any appropriate corrective action.

12. The sexually harassing and discriminatory conduct was sufficiently severe and pervasive so as to unreasonably interfere with Plaintiff's physical health and work performance. This conduct created an intimidating, hostile, and offensive working environment. The

Manager, Tyrone Flowers, was directly telling the Plaintiff that he had to present himself at work in a sexual manner –specifically, to act as if he was homosexually inclined.

13. The sexually explicit conduct included comments over the span of 10 months, where the Manager, Tyrone Flowers would tell the Plaintiff, **JORGE ROMAO,** that "…he was not gay enough" and "…you have to at least appear to be gay."

14. Further, the owner of the business, Mike Verdugo instructed the hiring manager to only hire fitness trainers based upon their gender (male) and sexual orientation (gay). The instructions from Mike Verdugo to Mrs. Romao were clear as they were sent by text with the additional qualification that the hiring manager can only hire gay men, who were "hot."

15. The Defendant's manager, Tyrone Flowers, and owner, Mike Verdugo, made multiple harassing comments in front of customers and other employees as to "…whether they wanted a straight or gay trainer" which embarrassed and humiliated the Plaintiff, **JORGE ROMAO** and created an atmosphere of hostility which severely damaged the reputation of the plaintiff in the eyes of his co-workers and supervisors.

16. As described above the Plaintiff was a victim of discrimination, as the Plaintiff was forced to work in a sexually discriminatory and hostile environment. Made worse by the fact that the desperate treatment came directly from the owner, Mike Verdugo, there was no one for the Plaintiff to turn to, and the company failed to take immediate corrective action, all to Plaintiff's detriment.

17. **BODY TEK FITNESS, INC.** was aware of the hostile work environment and condoned the environment.

18. The owner, Mike Verdugo's, conduct was open and obvious to other employees, both management and non-management at the **BODY TEK FITNESS, INC.,** offices.

19. As a direct and proximate result of the adverse treatment, the Plaintiff suffered damages for humiliation embarrassment and financial losses.

**WHEREFORE**, Plaintiff, **JORGE ROMAO**, demands judgment against the Defendant, a jury trial for all legal issues triable as of right by a jury and respectfully requests this court to enter a judgment awarding plaintiff all such legal and/or equitable relief as will effectuate the purposes of Title VII, including, but not limited to:

   a. Restoring all of Plaintiff's employment-related benefits;
   b. Awarding front pay as warranted under the circumstances of this case;
   c. Awarding all unpaid wages and other entitlements consisting of damages in the form of back pay due to the Plaintiff;
   d. Awarding Plaintiff costs and a reasonable attorney's fees; and
   e. Punitive or exemplary damages; and
   f. Awarding Plaintiff all other relief as the court deems to be equitable and just.

## COUNT II
## RETALIATION CLAIM PLAINTIFF JORGE ROMAO

Plaintiff incorporates as if fully restated the allegations one through nine and further states:

20. In 2018 the Plaintiff complained to the owner and his supervisor about his complaints related to sexual harassment.

21. Because the Plaintiff complained of his own discrimination, he was fired.

22. The Plaintiff suffered retaliation against his employment when he was terminated on July 10, 2018, after he complained about his discriminatory treatment.

23. The Plaintiff's termination, in retaliation, was severe. The Defendant made multiple comments and acts of harassment which ruined the reputation and credibility of the Plaintiff and created an atmosphere of hostility that severely damaged the reputation in the eyes of his co-workers and supervisors.

24. **BODY TEK FITNESS, INC.** was aware of the retaliation and condoned the environment.

25. Mike Verdugo's conduct was open and obvious to other employees, both management and non-management at the **BODY TEK FITNESS, INC.,** offices.

26. As a direct and proximate result of owner Mike Verdugo's conduct, the Plaintiff suffered damages including embarrassment, humiliation, and lost wages.

**WHEREFORE**, Plaintiff, **JORGE ROMAO** demands judgment against the Defendant, **BODY TEK FITNESS, INC.** a jury trial for all legal issues triable as of right by a jury and respectfully requests this court to enter a judgment awarding plaintiff all such legal and/or equitable relief as will effectuate the purposes of Title VII, including, but not limited to:

   a. Restoring all of Plaintiff's employment-related benefits;
   b. Awarding front pay as warranted under the circumstances of this case;
   c. Awarding all unpaid wages and other entitlements consisting of damages in the form of back pay due to the Plaintiff;
   d. Awarding Plaintiff costs and a reasonable attorney's fees; and
   e. Punitive or exemplary damages; and
   f. Awarding Plaintiff all other relief as the court deems to be equitable and just.

Respectfully submitted,

**LAW OFFICES OF RICHARD J. CALDWELL, P.A.**
Attorneys for Plaintiff
66 West Flagler Street, Suite #601
Miami, FL 33130
Telephone (305) 529-1040
Email: richard@caldwell.legal
   rjcaldwellpa@gmail.com
   assistant@caldwell.legal

By: _____
Richard J. Caldwell, Esq.
Florida Bar No. 825654